**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CARLOS JOEL CORTES,**

        **Plaintiff,**

**v.**                                   **Case No: 6:26-cv-27-PGB-NWH**

**OAK RIVER INSURANCE
COMPANY,**

        **Defendant.**

_____/

## ORDER

This cause comes before the Court on Plaintiff Carlos Joel Cortes' ("**Plaintiff**") Motion to Remand to State Court (Doc. 7 (the "**Motion**")) and Defendant Oak River Insurance Company's ("**Oak River**") response in opposition (Doc. 15 (the "**Response**")). Upon consideration, the Motion is due to be denied.

**I.    BACKGROUND**

This case arises out of a motor vehicle accident between Plaintiff and another driver, Hermanda Faith Milton Downie ("**Milton Downie**"), that occurred on August 28, 2024 (the "**Accident**"). (Doc. 1-1 (the "**Complaint**")). On June 17, 2025, Plaintiff initiated this suit by filing a two-count Complaint in the state court. (*Id.*). In Count I, Plaintiff sued Milton Downie for her alleged negligence in causing the Accident. (*Id.* ¶¶ 6–9). In Count II, Plaintiff sued her auto insurer, Oak River, alleging it wrongfully denied underinsured motorist coverage for the portion of Plaintiff's damages that exceeded Milton Downie's policy limits. (*Id.* ¶¶ 10–14). Of

relevance, in the Complaint, Plaintiff alleged that Plaintiff and Milton Downie are both Florida citizens. (*Id.* ¶¶ 2–3).

On December 9, 2025, Plaintiff dismissed her claims against Milton Downie in the state court. (Doc. 1, ¶ 20; Doc. 1-2). As a result, on January 6, 2026, Oak River removed the action to the instant Court. (Doc. 1). Although Plaintiff failed to provide sufficient information in the Complaint to determine Oak River's citizenship for diversity purposes, in support of the removal, Oak River contended that it is a citizen of Nebraska and that Plaintiff's dismissal of the claim against Milton Downie thus created complete diversity of the parties. (*Id.* ¶¶ 16, 20–21; Doc. 1-1, ¶ 4). Further, Oak River asserted that the amount in controversy requirement for removal was met. (Doc. 1, ¶¶ 6–10).

Now, Plaintiff moves to remand on the ground that Oak River has failed to prove that the amount in controversy exceeds the jurisdictional threshold of $75,000. (Doc. 7). Oak River responded in opposition (Doc. 15), and the matter is ripe for review.

## II.    STANDARD OF REVIEW

28 U.S.C. § 1441(a) allows a defendant to remove a civil action from state court to federal district court where the basis for the underlying claim is federal question jurisdiction or diversity jurisdiction. *Hawkinson v. State Farm Mut. Auto. Ins. Co.*, 325 F. Supp. 3d 1293, 1296 (M.D. Fla. 2018). Diversity jurisdiction requires complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a).

2

Where a defendant removes a case based on diversity jurisdiction and the plaintiff has not pled a specific amount of damages, the defendant bears the burden of establishing that the jurisdictional threshold is met by a preponderance of the evidence. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208–09 (11th Cir. 2007); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam). Likewise, when a plaintiff contests a defendant's alleged amount in controversy, removal is proper "'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (quoting 28 U.S.C. § 1446(c)(2)(B)). That said, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

Beyond the face of the complaint, a district court may consider the defendant's notice of removal and other relevant evidence submitted by the parties to determine the amount in controversy. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." *Lowery*, 483 F.3d at 1211.

## III.   DISCUSSION

In the Motion, Plaintiff argues this action must be remanded because Oak River has not met its burden of establishing that the amount in controversy exceeds $75,000. (Doc. 7). The Court disagrees.

In the Complaint, Plaintiff does not plead a specific amount of damages, and instead simply pleads that the state court jurisdictional threshold for damages is met. (Doc. 1-1, ¶ 1 (alleging "damages that exceed[] Fifty Thousand One Dollar[s] and No Cents . . . exclusive of interest, costs and attorneys' fees.")). However, Plaintiff also avers that, as a result of the Accident, he:

> suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, activation of a latent condition and/or aggravation of a pre-existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

(*Id.* ¶ 9 (the "**Damages Paragraph**")).

Oak River first points to the Damages Paragraph in support of its contention that the amount in controversy requirement is met. (Doc. 15, p. 2). Oak River further asserts that "[p]ursuant to the medical records and bills disclosed by Plaintiff to date, he has allegedly incurred approximately $95,000 in medical bills at this point." (*Id.*). Lastly, Oak River provides the Court with medical records from two of Plaintiff's healthcare providers. The first such record pertains to a final evaluation of Plaintiff conducted by chiropractor Matthew C. Sweeney ("**Dr. Sweeney**") on January 2, 2025. (Doc. 15-1 (the "**Chiropractor's Final Evaluation**")). Second, Oak River provides a Progress Note from a follow up visit Plaintiff had with Michael Deveau, M.D. ("**Dr. Deveau**"), a physician with Spine

& Orthopedic Specialists, on May 21, 2025. (Doc. 15-2 (the "**Spine & Orthopedic Progress Note**")).[1,2] In the Medical Records, Plaintiff's physicians describe various tests and procedures that have been performed on Plaintiff as a result of the injuries he sustained in the Accident. (*See* Docs. 15-1, 15-2). Moreover, in each of the respective Medical Records, Plaintiff's physicians describe his continuing damages and opine that Plaintiff has suffered permanent injuries as a result of the Accident. (*See* Doc. 15-1, p. 4; Doc. 15-2, p. 3). Further, in the Chiropractor's Final Evaluation, Dr. Sweeney provides the explicit estimate that Plaintiff's future medical expenses will cost approximately "$3,500 per year." (Doc. 15-1, p. 4).

For his part, Plaintiff asserts that Oak River's evidence in support of the amount in controversy is impermissibly speculative and conclusory. (Doc. 7, p. 1). In this vein, Plaintiff notes that Oak River provides "no competent evidence" to support its $95,000 figure for past medical expenses. (*Id.* at p. 3). Further, Plaintiff states that any such figure must be reduced by a $50,000 payment Plaintiff received from Milton Downie's insurance carrier. (*Id.* at pp. 1, 3). Thus, Plaintiff asserts that Oak River has not demonstrated the jurisdictional damages threshold is met. (Doc. 7).

---

[1]   Herein, the Chiropractor's Final Evaluation (Doc. 15-1) and the Spine & Orthopedic Progress Note (Doc. 15-2) will collectively be referred to as the "Medical Records."

[2]   The Court notes that the Spine & Orthopedic Progress Note contains Plaintiff's full date of birth, which should have been redacted to protect Plaintiff's privacy pursuant to Federal Rule of Civil Procedure 5.2(a)(2). (*See* Doc. 15-2). Consequently, the Court will order the Clerk to seal the relevant exhibit and will order Oak River to refile a redacted version of the Spine & Orthopedic Progress Note on the docket.

Because Plaintiff has not pled a specific amount of damages, it is Oak River's burden to demonstrate the amount in controversy exceeds $75,000 by a preponderance of the evidence. *See Lowery*, 483 F.3d at 1208–09. Oak River has met this burden. As Oak River notes, the Eleventh Circuit has held that "[c]omplaints alleging serious, lasting physical injuries are typically removable because it is facially apparent that these claims are worth more than $75,000." *Hickerson v. Enter. Leasing Co. of Ga., LLC*, 818 F. App'x 880, 883 (11th Cir. 2020) (per curiam)[3] (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)). "Where, by contrast, plaintiffs alleged minor, short-term injuries or the pleadings provided no specific facts to support removal, [the Eleventh Circuit has] held that removal would be based on speculation and thus improper." *Id.* at 883–84 (citing *Lowery*, 483 F.3d at 1213–15).

In the instant case, despite including the Damages Paragraph in the Complaint, Plaintiff did not plead the nature of his injuries therein. (Doc. 1-1). However, the Court may look to the Medical Records provided by Oak River in considering whether Plaintiff's damages meet the jurisdictional threshold. *See, e.g.*, *Williams*, 269 F.3d at 1319. Those Medical Records reveal Plaintiff has been diagnosed with intermittent, throbbing headaches; sprains of the ligaments of the cervical, thoracic, and lumbar spine; muscle spasms of the back; and cervical disc displacement. (Doc. 15-1, pp. 1, 3). Moreover, Dr. Sweeney reports that Plaintiff

---

[3] "Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive." *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018).

"has reached Maximum Medical Improvement with a partial impairment rating of 8% for the Cervical spine, for a combined rating of 8% to the body as a whole." (*Id.* at p. 4).

When supplemented with the Medical Records, Plaintiff's allegations are similar to those at issue in *Gebbia*, a Fifth Circuit case that has been cited with approval by the Eleventh Circuit. *Hickerson*, 818 F. App'x at 883 (citing *Gebbia*, 233 F.3d at 883). *Gebbia* concerned a plaintiff who brought a slip and fall action against a supermarket alleging she had suffered injuries to her wrist, knee/kneecap, and back. 233 F.3d at 881. The *Gebbia* plaintiff's complaint also "alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement." *Id.* The district court found that these allegations made it facially apparent that the defendant had met the amount in controversy requirement. *Id.* at 883. The Fifth Circuit agreed and held the district court had properly denied the plaintiff's motion to remand. *Id.*

In the Damages Paragraph of the Complaint, Plaintiff alleges an even more expansive array of damages than the *Gebbia* plaintiff. (*Compare* Doc. 1-1, ¶ 9, *with* 233 F.3d at 881). Moreover, in a general sense, the nature of the injuries alleged by the *Gebbia* plaintiff appear to be of a similar level of severity as those described in Plaintiff's Medical Records. *Cf. Hickerson*, 818 F. App'x at 882–84 (finding it facially apparent that the jurisdictional damages threshold was met where plaintiffs alleged traumatic brain injuries). Moreover, and importantly, Dr.

Sweeney projects that Plaintiff will pay roughly $3,500 per year in future medical expenses as a result of the injuries caused by the Accident. (Doc. 15-1, p. 4). The Spine and Orthopedic Progress Note reveals that, at the time of Plaintiff's follow up visit with Dr. Deveau, he was 37 years old. (Doc. 15-2, p. 1). Assuming Dr. Sweeney's prediction regarding Plaintiff's future medical expenses is correct, that component of Plaintiff's damages alone will reach $75,000 in less than 22 years, which, considering Plaintiff's age, is surely less than his remaining life expectancy.[4]

Accordingly, even if the Court excludes Oak River's $95,000 figure for past medical expenses and considers the $50,000 payment for such expenses made by Milton Downie's insurer, the Court finds that Oak River has met its burden of establishing the amount in controversy exceeds the Court's jurisdictional threshold. In so ruling, the Court necessarily rejects Plaintiff's argument that Oak River's evidence as to the amount in controversy is impermissibly speculative or conclusory. As a result, Plaintiff's Motion will be denied.

## IV.   CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.      Plaintiff's Motion to Remand to State Court (Doc. 7) is **DENIED**.

---

[4]   The *Hickerson* court noted that, in making the amount in controversy determination, "district courts may make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable.'" 818 F. App'x at 883 (quoting *Roe v. Michelin N. Am.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010)). The Court assumes such reasonable inferences and extrapolations are also appropriate when considering the evidence presented by the parties in support of the amount in controversy.

2.     The Clerk of Court is **DIRECTED** to seal the Spine and Orthopedic Progress Note (Doc. 15-2). This exhibit shall remain under seal indefinitely.

3.     On or before **April 20, 2026**, Defendant Oak River Insurance Company shall refile the Spine and Orthopedic Progress Note (Doc. 15-2) on the docket after redacting it to ensure its compliance with Federal Rule of Civil Procedure 5.2(a).

**DONE AND ORDERED** in Orlando, Florida on April 6, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

9